597 F.2d 890
 Edward H. RAMSEY, Plaintiff,
Bituminous Fire & Marine Insurance Co., Intervenor,
v.
GEORGIA-PACIFIC CORPORATION, Defendant-Appellant,
v.
WALKER WELDING AND MACHINE COMPANY, INC., Third-Party
Defendant-Appellee.
 No. 78-2936
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 June 25, 1979.
 L. Arnold Pyle, William A. Pyle, Jackson, Miss., for defendant-appellant.
 Cox & Dunn, Vardaman S. Dunn, Jackson, Miss., for third-party defendant-appellee.
 Appeal from the United States District Court for the Southern District of Mississippi.
 Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.
 RONEY, Circuit Judge:
 
 
 1
 Georgia-Pacific Corporation appeals a summary judgment dismissing its third-party complaint for indemnity against Walker Welding and Machine Company in a Mississippi diversity case. Concluding that the third-party complaint could not be foreclosed by summary judgment, we reverse and remand.
 
 
 2
 Neither the briefs nor the order on summary judgment in this case adequately focuses on what seem to us to be the two controlling questions: first, is it possible for the plaintiff to recover a judgment against Georgia-Pacific for injuries that were caused in part by the actions of Walker Welding and in part by its own actions, and second, under the facts, can the indemnity agreement here be read to indemnify Georgia-Pacific against damages for injuries caused partially by Walker Welding, although the agreement would be void as to any indemnification of Georgia-Pacific against its own negligence?In considering a motion for summary judgment, the trial court should not be too tightly bound to the pleadings. Under the liberal application of Rule 15, Fed.R.Civ.P. which freely permits supplemental amended pleadings as discovery and the facts develop, even after judgment, Rule 15(b), it is inappropriate to foreclose a third-party complaint by partial summary judgment unless no development of facts at the trial of the main claim could give substance to the third-party claim.
 
 
 3
 The facts of the accident are uncomplicated, and its cause is unknown at this stage of the litigation. Georgia-Pacific Corporation (Georgia-Pacific) contracted with Walker Welding and Machine Company (Walker Welding) for the assembly and installation of a conveyor system at its Taylorsville, Mississippi plant. The contract provided for exclusive supervision by Walker Welding. During the course of installation, it became necessary to lift one end of the conveyor. A Walker Welding employee attached a chain belonging to Walker Welding to the end of the conveyor and to the lifting hook of a "cherry picker" crane provided by Georgia-Pacific and operated by a Georgia-Pacific employee. The Georgia-Pacific employee lifted the conveyor at the instruction of a Walker Welding employee. While plaintiff, a Walker Welding employee, was under the conveyor, the chain failed and the conveyor fell and injured him. Plaintiff received Workmen's Compensation benefits from the insurance carrier for Walker Welding.
 
 
 4
 Plaintiff sued Georgia-Pacific in tort alleging that Georgia-Pacific had exclusive supervision and control of the work site and the installation operation and was negligent in failing to adequately support or use sufficient devices to lift the conveyor and prevent its fall, and in failing to provide plaintiff with a safe place to work. Georgia-Pacific filed a third-party complaint against Walker Welding claiming indemnification for any sums recovered by plaintiff. Upon motion for summary judgment, the court dismissed Georgia-Pacific's complaint, finding that no enforceable indemnification claim existed under Mississippi law. The court determined that no reason existed for delay and entered final judgment as to the third-party complaint. Fed.R.Civ.P. 54(b).
 
 
 5
 In agreements between Georgia-Pacific and Walker Welding dated June 1, 1976, the following indemnity provisions appear:
 
 
 6
 It is distinctly understood and agreed between the parties hereto that the CONTRACTOR shall be solely responsible for and shall defend, protect and indemnify PRINCIPAL against any loss or liability occasioned by or resulting from the performance or non-performance hereof by the CONTRACTOR or anyone directly employed by him, or contracted with, whether for the making good of defective work, disposal of material wrongfully supplied, making good of damage to property or persons, or excess costs for materials or labor or the CONTRACTOR'S failure to observe proper precautions in the conduct of his work.
 
 
 7
 Walker Welding and Machine Company, Inc. agrees to protect, defend and indemnify from any liability Georgia-Pacific Corporation from and against any claims, losses, liability, attorneys' fees, costs, or any other expenses for any injury, loss or damage to persons or property arising out of Walker Welding and Machine Company, Inc. performance in preparation of and installation of reclaim conveyor or hopper for Georgia-Pacific Corporation and includes such contractual liability in Walker Welding and Machine Company, Inc. insurance coverage.
 
 
 8
 Several points seem clear. First, Georgia-Pacific has no cause of action under the indemnity agreement for any loss due solely to its own negligence. Under Mississippi law, in respect to a construction agreement, a covenant to indemnify another person from his own negligence is void and unenforceable. Miss.Code Ann. § 31-5-41 (1972). Crosby v. General Tire & Rubber Co., 543 F.2d 1128 (5th Cir. 1976). Second, Georgia-Pacific would not be liable to plaintiff for any damages absent some negligence on its part, since no vicarious liability for acts of an independent contractor exists in Mississippi. Carr v. Crabtree, 212 Miss. 656, 55 So.2d 408 (1951). Third, absent any contractual right, Georgia-Pacific would have no right of contribution or indemnification against Walker Welding as a joint tort-feasor under Mississippi law. If both actively contributed to the accident, neither has a common law right of contribution against the other. Granquist v. Crystal Springs Lumber Co., 190 Miss. 572, 1 So.2d 216, 218 (1941). The Mississippi joint tort-feasor contribution statute provides for contribution only among judgment debtors. See Miss.Code Ann. § 85-5-5. Although Mississippi law permits recovery by a passively negligent wrongdoer against one whose active negligence caused the accident under the theory of implied indemnity, Home Insurance Co. of N. Y. v. Atlas Tank Manufacturing Co., 230 So.2d 549, 551 (Miss.1970), the "passive-active" theory of indemnification is made unavailable to Georgia-Pacific as a passive wrongdoer by the exclusive remedy provisions of the Mississippi Workmen's Compensation Act, Miss.Code Ann. § 6998-05 (1942) (§ 71-3-9 (1972)), as interpreted by this Court in Smith Petroleum Service, Inc. v. Monsanto Chemical Co., 420 F.2d 1103, 1111-1112 (5th Cir. 1970).
 
 
 9
 What is the situation however, if the parties are joint wrongdoers and one has an agreement to indemnify the other because of his own negligence? First of all, it would appear that the plaintiff could sue one and recover his full damages. In Mississippi joint tort-feasors are jointly and severally liable and it is not necessary to join all tort-feasors in the action. Westerfield v. Shell Petroleum Corp., 161 Miss. 833, 138 So. 561 (1932). Walker Welding could not be sued by plaintiff or brought into the action as a defendant by Georgia-Pacific because it is insulated from direct liability by the Workmen's Compensation Act. Miss.Code Ann. § 71-3-9 (1972). Although the case has been inadequately briefed and the record does not show whether the point was adequately presented to the district judge, our own research, limited by the well known demands upon this Court's time, fails to show that the plaintiff could not recover all of his damages against one joint tort-feasor, even though the other unsued tort-feasor was insulated from direct liability by the Workmen's Compensation Act.
 
 
 10
 Second, it appears clear that by the indemnity provision of this contract the parties intended that Walker Welding would be responsible for any damages Georgia-Pacific incurred because of Walker Welding's negligence. There is no reason to assume that on proper interrogatories the jury could not determine by percentage how much each tort-feasor's negligence contributed to the total.
 
 
 11
 Third, nothing in Mississippi law seems to bar such a contractual arrangement. Crosby v. General Tire & Rubber Co., 543 F.2d 1128 (5th Cir. 1976), left open the effect of just such an indemnity agreement as we have here, I. e. one which agrees to indemnify for the fault of the indemnitor, not the indemnitee. In Crosby the agreement was interpreted to indemnify one against his own negligence. The indemnity agreement considered therein provided:
 
 
 12
 Seller (Vulcan) will indemnify, save harmless and defend buyer (General Tire) from all liability for loss, damage or injury to person (including employees or agents of the seller) or property in any manner arising out of or incident to the performance of the contract.
 
 The court said:
 
 13
 For the purpose of this discussion, we treat the Crosby settlement (for which claim was being made against Vulcan) as recompense for General Tire's liability to Crosby liability generated by General Tire's actual negligence. General Tire's point seems to be that, even though the liability represented by the settlement is General Tire's liability, the fault for the injury is shared by Vulcan, and therefore the settlement burden ought to be shared by Vulcan. It is a nice distinction, and one that might be allowed under the Mississippi statute, but we cannot find the distinction recognized expressly or impliedly in the straightforward indemnity provision entered into by the parties. That provision operates on the basis of Liability. The liability here is General Tire's liability, arising from General Tire's negligence. It is that liability that the agreement would shift to Vulcan were it not for the statute. The statute blocks indemnity for one's own negligence. That ends the matter.
 
 
 14
 543 F.2d at 1130-1131 (footnote omitted). Thus the Court held that any distinction between a case involving only General Tire's liability as contrasted with one where both indemnitor and indemnitee were jointly at fault might be allowed under the statute but was outside the bounds of the straightforward agreement which created a right to indemnification simply upon the occurrence of General Tire's liability.
 
 
 15
 The indemnity agreement here is clearly not so straightforward and seems to us to be impliedly, if not expressly, an agreement between the parties that Walker Welding will be responsible for its own conduct. In venturing beyond the boundaries of Crosby, we have found no decision of the Mississippi courts construing or applying § 31-5-41 which might direct us.
 
 
 16
 We reach the conclusion that summary judgment should not have been granted on this point because (1) the contract seems to contemplate that Walker Welding would be solely responsible for the work so the parties would be protecting Georgia-Pacific against Walker Welding activity in this regard; (2) Mississippi law does not foreclose such an agreement; (3) were it not for the insulating factor of workmen's compensation, Mississippi law itself would provide for a passive-active wrongdoers shifting of liability. Home Insurance Co. of N. Y. v. Atlas Manufacturing Co., supra.
 
 
 17
 By this decision we do not predict how this litigation will come out. A full hearing may disclose that the agreement cannot be interpreted as we have suggested here. But the apparent lack of Mississippi controlling law and the failure to have a fully developed case before the Court make summary judgment an inappropriate way of handling the issues in this case.
 
 
 18
 Assuming that we have correctly stated the Mississippi law, the distinction between Crosby and this case boils down to a distinction between the two indemnity agreements. In Crosby the agreement was to indemnify from any liability "in any manner arising out of or incident to the performance of the contract." The Court held that liability alone, not cause, triggered indemnity. In this case the agreement was to indemnify against any loss "occasioned by or resulting from the performance or non-performance hereof By the CONTRACTOR . . .. " In another place, it indemnified against loss "arising out of Walker Welding Machine Company, Inc. performance . . .." Read as a whole, we think that the agreement can be read to indemnify against the loss due to Walker Welding's acts or negligence, a valid contract, and does not have to be read to protect only against liability because of Georgia-Pacific's acts, a void contract. We note in passing that this contract was written four years after the Mississippi statute was passed making a Crosby -type contract illegal. Noting the Court's observation in Crosby that because the statute had been so recently passed, the parties did not know the controlling law, 543 F.2d at 1130, the Court assumes here that the parties were aware of § 31-5-41 and could be presumed to have governed their conduct accordingly. See generally Citizens' Bank v. Frazier, 157 Miss. 298, 127 So. 716 (Miss.1930).
 
 
 19
 REVERSED AND REMANDED.
 
 
 
 *
 Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I