593 So.2d 1010 (1992)
WEYERHAEUSER COMPANY
v.
Calvin WELLS and United States Fidelity and Guaranty Company.
No. 90-CA-0753.
Supreme Court of Mississippi.
January 22, 1992.
*1011 Thomas H. Suttle, Jr., Elena Lopez Guida, Daniel Coker Horton & Bell, Jackson, for appellant.
No Brief filed for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and PITTMAN, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Weyerhaeuser Company appeals from a judgment entered against it and in favor of Calvin Wells in the Circuit Court of Hinds County, First Judicial District, for injuries sustained while working for his employer, Mid-South Sandblasting and Painting, Inc., (Mid-South), on the premises of Weyerhaeuser. The appellant sought to implead Mid-South Sandblasting and Painting, Inc., which it claimed was liable to indemnify Weyerhaeuser for any resulting judgment by virtue of a contract between the two parties.
The lower court, Honorable Charles T. Barber presiding, held that the case was not a proper one for impleader and refused to allow the third party claim. The suit was tried on March 5, 1990, before the Honorable Taylor M. Sledge, presiding judge, and the jury returned a verdict in favor of Wells for $150,000. A single issue is presented to this Court for decision:
I. WHETHER THE LOWER COURT ABUSED ITS DISCRETION IN DENYING WEYERHAEUSER'S MOTION FOR LEAVE TO FILE A THIRD PARTY COMPLAINT AGAINST MID-SOUTH AND, IF SO, DOES THE DENIAL CONSTITUTE REVERSIBLE ERROR?

FACTS
On January 18, 1983, Calvin Wells was working for Mid-South Sandblasting and Painting, Inc. at a Weyerhaeuser Company facility in Philadelphia, Mississippi. As part of his job of painting a boiler stack at the facility, he was raised in the personnel basket of a crane owned by Weyerhaeuser but operated by one of his co-employees. For some reason, Wells fell from the basket and sustained serious injuries.
Wells received Workers' Compensation benefits from his employer's insurance carrier, United States Fidelity and Guaranty Company (U.S.F. & G.), after the injury. Subsequently, Wells filed the present suit in the Hinds County Circuit Court for the First Judicial District on August 16, 1986. He sought $1,250,000 in damages and claimed that his injuries were the result of modifications to the crane by Weyerhaeuser, which made it unreasonably dangerous, and/or the failure of Weyerhaeuser to furnish adequate operating instructions for the crane. Weyerhaeuser answered on September 21, 1988, and asserted as defenses that Well's co-employee was the sole cause of the negligence, that Well's own negligence was a sole or contributing cause and that Well's injuries were the result of the negligent acts of unnamed others.
*1012 On September 18, 1986, U.S.F. & G. filed a Motion for Leave to Intervene as a Plaintiff for reimbursement of Workers' Compensation benefits paid to Wells. USF & G alleged that it had paid $30,498 in Worker's Compensation benefits and $28,656.25 in medical expenses to or for Wells. The motion was granted on September 30, 1986. Subsequently, on October 28, 1986, Weyerhaeuser demanded by letter that Mid-South take over the defense of the suit and uphold its "agreement" to indemnify Weyerhaeuser for any suits arising from the performance of work at Weyerhaeuser's property. The basis for this claim was a clause in the purchase order from Weyerhaeuser to Mid-South which reads:
11. INSURANCE: Seller shall begin no work or services on Buyer's premises until public liability, workmen's compensation, property damage, and other necessary insurances in amounts satisfactory to Buyer are obtained. If Buyer so requests, certificates of insurance shall be furnished. Seller will protect and indemnify Buyer against any and all claims which may arise in connection with the fulfillment of this purchase order. Any limitation of the liability or responsibility of Seller by provisions of Seller's delivery tickets or other instruments shall be entirely ineffective.
By a letter dated March 26, 1987, Mid-South's insurance carrier, Commercial Union Insurance Co., rejected Weyerhaeuser's demand for indemnity, claiming that under Miss. Code Ann. § 31-5-41 (1972) such agreements were void. Thereafter, on May 6, 1987, Weyerhaeuser filed its "Motion for Leave to File Third-Party Complaint." Weyerhaeuser asserted that under the terms of the purchase order Mid-South had agreed to indemnify it against any liability arising from the performance of the work and that, therefore, Mid-South should properly be joined as a third-party defendant under Rule 14, Miss.R.Civ.Pro.
The case went to trial on March 5, 1990, after which the jury rendered a verdict of $150,000 and the court entered judgment against Weyerhaeuser accordingly. Weyerhaeuser perfected this appeal, alleging as the sole error the lower court's denial of the motion to allow the third-party complaint.

DISCUSSION
Weyerhaeuser relies upon Rule 14 of the Mississippi Rules of Civil Procedure, adopted by this Court on July 1, 1986, for its position that the lower court committed reversible error by denying its Motion for Leave to File Third-Party Complaint against Mid-South. The rule has never been interpreted by this Court.
According to the Rule, the court may allow a third-party complaint in an action, "[a]fter commencement of the action and upon being so authorized by the court in which the action is pending on motion and for good cause shown ..."
The rule also provides, however, that impleader should be permitted only for `good cause.' This term makes clear what is implicit in the federal rule, that the court has discretion to disallow a claim even if it meets the technical requirements of the rule. As the cases interpreting the federal rule state, the court should exercise its discretion in light of the policies underlying the rule.
Comment to Miss.R.Civ.Pro., R. 14.
It is apparent that the rule does not grant a defendant the right to have a third party claim heard by the court in the same action. The Mississippi trial courts have greater discretion on Rule 14 than the federal courts have. Rule 14 of the Federal Rules of Civil Procedure provides for impleader as a matter of right within ten days of the service of the answer. The Mississippi rule requires leave of court for all third-party complaints, regardless of when filed.
Further, Comments to Mississippi Rule 14 follow:
Thus, a valid third-party claim that will avoid circuitous or duplicative actions should ordinarily be permitted, unless it would unduly delay the original action. If the court determines that the third-party claim would unduly complicate the original action, it should not disallow impleader; instead, it should permit the *1013 claim and order a separate trial as authorized by the rule and by Rule 42(a).
The purpose of Rule 14, according to the comments, "is to avoid the problem of circuitous or duplicative actions, which occur when a defendant, held liable in the first action, is required to bring a second action against another party he alleges is derivatively or secondarily liable to him for all or part of the judgment." Accord, Southwest Administrators v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir.1986) (citing 6 C. Wright & A. Miller, Federal Practice and Procedure § 1442, at 202-03 (1971)). Impleader, under the Federal Rules, should only be used, "where the third party's liability [is] in some way derivative of the outcome of the main claim... . [I]t is clear that impleader under Rule 14 requires that the liability of the third party be dependent upon the outcome of the main claim." Southeast Mortgage Co. v. Mullins, 514 F.2d 747, 749 (5th Cir.1975) (quoting United States v. Joe Grasso & Son, Inc., 380 F.2d 749, 751-52 (5th Cir.1967).
The case at bar probably is one in which impleader may have been proper. Weyerhaeuser faced a suit which it claimed came under the terms of the indemnification agreement. If the indemnification agreement were valid, Mid-South would have indeed been liable to pay any judgment against Weyerhaeuser resulting from performance of the contract. Obviously, any such liability Mid-South faced would have been derivative or secondary to the judgment obtained in the Wells v. Weyerhaeuser suit, making this a proper case for application of Rule 14.
The federal decisions provide insight into the criteria for the trial courts to consider in deciding whether to allow impleader. Factors to consider include the time of filing of the motion, Merritt-Chapman & Scott Corp. v. Frazier, 289 F.2d 849, 856 (9th Cir.1961), and whether the additional claim will complicate and lengthen the action and result in prejudice to the plaintiff. Southwest Administrators, Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir.1986).
The record provided to the Court in the present appeal is thin on the facts, to say the least. Most notably absent is a transcript of what took place at the hearing on the motion. It cannot be determined on what basis the lower court found the impleader to be improper. On pure speculation, the court may have found the motion to have been untimely, since it was made over eight months after the answer was filed. However, it would be almost three years before the matter came to trial. The court may also have found that the addition of the third-party complaint would have resulted in unnecessary prejudice to Wells, the plaintiff. This would have been the stronger reason for the denial. The original complaint set forth a relatively simple claim of negligence in a mere three pages. The suit over whether Weyerhaeuser was entitled to indemnity from Mid-South would have been a much more complicated issue and would have substantially complicated the action, if the court had allowed the impleader. Whether the indemnification agreement was valid and applicable is a complicated question of law.[1] In Weyerhaeuser's brief, it alludes to the possibility of parole evidence being introduced to help explain the meaning of the agreement. The exclusive remedy provision of the Workers' Compensation law could also have been a subject of dispute. There is a possibility that more time could have been taken up on the third-party complaint than on the primary claim, which could have taken attention away from Well's claim and prejudiced him.
Even if this Court found that the lower court abused its discretion, such would not be a proper ground for reversal of this case. Once the motion for impleader is denied and the case goes to trial, the defendant's proper remedy, if he still wants indemnity, is to bring a separate suit against the proposed third-party defendant.
A right of review after the termination of the main action normally will be of *1014 little value, however, since defendant's objective in seeking impleader  to avoid circuitous and multiple litigation and to secure the advantages of a joint trial  has been lost. Once the main action has been terminated, unless it is reversed or remanded for other reasons, the third-party claim must be brought independently. Thus, an appeal based on the denial of impleader would be fruitless since, at that point, an error by the lower court would be considered harmless in the absence of some other reason to direct the retrial of the original claim.
6 Wright, Miller & Kane, Federal Practice and Procedure, Civil 2d § 1463, pp. 470-71 (1990) (emphasis added).
The proper remedy for Weyerhaeuser, once its motion was denied, would have been to ask once again that impleader be allowed and that the court grant a separate trial under Rule 42(a), as mentioned above, or to simply bring a separate action. To grant the relief Weyerhaeuser requests by this appeal, reversal on the denial of impleader alone, would violate the very policy Rule 14 seeks to promote  avoidance of circuitous and multiple litigation.
We have not been cited to a case, nor have we found one, where an appeals court reversed solely because a trial court wrongly denied leave to file a third-party complaint. All of the cases cited where the appellate courts ordered further review by the trial court on the issue of impleader are cases where the appellate court had remanded the case on other grounds or where the decision was based on an appeal from a summary judgment.
We are of the opinion that the judgment of the lower court should be, and is, affirmed on the issue before us.
AFFIRMED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
NOTES
[1] The Mississippi Supreme Court has never addressed § 31-5-41, Mississippi Code Annotated, and, of course, we do not address it here. However, it was addressed by the Fifth Circuit Court of Appeals in Crosby v. General Tire & Rubber Co., 543 F.2d 1128 (1976) and Ramsey v. Georgia-Pacific Corp., 597 F.2d 890 (5th Cir.1979).