**AMERICAN CYANAMID COMPANY,**
**Plaintiff,**

**v.**

**CAMPBELL CONSTRUCTION**
**COMPANY, Defendant.**

**Civ. A. No. 3:92–cv–265WS.**

United States District Court,
S.D. Mississippi,
Jackson Division.

Sept. 27, 1994.

---

Lawrence J. Franck, Leslie J. Bobo, Jackson, MS, for plaintiff.

James D. Holland, Roger C. Riddick, Jackson, MS, for defendant.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court is the plaintiff's motion for partial summary judgment filed pursuant to Rule 56(a) and (c),[1] Federal Rules of Civil Procedure. The disputed question here is whether the defendant, Campbell Construction Company (hereinafter "Campbell"), is obligated by contract to indemnify the plaintiff, American Cyanamid Company (hereinafter "American Cyanamid"), for American Cyanamid's costs and expenses in defending a personal injury lawsuit brought against American Cyanamid by a Campbell employee injured at the American Cyanamid plant while working under a construction contract between the parties. This court has jurisdiction over this lawsuit pursuant to diversity of citizenship, 28 U.S.C. § 1332.[2] Although defendant Campbell opposes the motion, this court is persuaded to grant it.

### FACTS

On February 13, 1987, American Cyanamid and Campbell entered into a construction contract ("the Contract") in connection with the construction of an addition to American Cyanamid's Pearl, Mississippi, plant. Article II of the Contract provides that Campbell will indemnify American Cyanamid against "any and all claims, losses, demands, causes of action and any and all related costs and expense, of every kind and character including, without limitation, reasonable attorneys' fees ... on account of personal injuries or death ... growing out of, incident to, or resulting directly or indirectly from the performance by [CAMPBELL] hereunder, whether such loss, damage, injury or liability is contributed to by the negligence of CYANAMID ... or by premises themselves or any equipment thereon ... or from other causes whatsoever; except that [CAMPBELL] shall have no liability for damages or the costs incident thereto caused by the sole negligence of CYANAMID."

1. Rule 56(a) of the Federal Rules of Civil Procedure provides:

   (a) For Claimant. A party seeking to recover upon a claim, counterclaim, cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

   Rule 56(c) of the Federal Rules of Civil Procedure provides in pertinent part:

   The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.

2. Plaintiff American Cyanamid Company is a corporate citizen of the State of New Jersey, while defendant Campbell is a corporate citizen of the State of Mississippi. Section 1332 provides in pertinent part:

   (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—

   (1) citizens of different States; ...

On April 22, 1987, Michael Allen Gray, a Campbell employee, was injured when he fell from a platform or "super structure" when a guard rail gave way. This super structure and guard rail were a part of the original construction of the American Cyanamid plant in Pearl, Mississippi.

On April 10, 1990, Michael Allen Gray filed suit in this court against American Cyanamid for injuries he sustained in his April 22, 1987, fall. That action was filed, "*Michael Allen Gray v. American Cyanamid Company,* United States District Court for the Southern District of Mississippi, Jackson Division, Civil Action No. J90–0167(B)." Gray alleged that his fall and resultant injuries were caused by the negligence of American Cyanamid. American Cyanamid denied these allegations and averred that Gray's injuries were the result of his own negligence or that of Campbell, his employer. No party here denies that American Cyanamid incurred attorneys' fees and other expenses in defending the Gray action at both the trial and appellate levels.

After the complaint was filed against American Cyanamid, American Cyanamid made demands upon Campbell to assume the defense of American Cyanamid in that action based upon the indemnity provision contained in Article II. Campbell, however, refused to defend American Cyanamid, alleging that Gray's fall had not resulted from any negligence of Campbell, but as a result of the sole negligence of American Cyanamid in the design, construction, and maintenance of the metal guard rail by American Cyanamid.

In December, 1991, the Gray action proceeded to trial before a jury, with Judge William H. Barbour, Jr., presiding. The case was submitted to the jury on special interrogatories. The jury found that American Cyanamid was negligent in some unspecified manner, but the jury also found that such negligence was not a proximate cause of Gray's fall and resulting injuries. Pursuant to these findings by the jury, the court entered its final judgment adjudicating that the accident and Gray's injuries and damages were not caused by any negligence on the part of American Cyanamid.

On February 10, 1992, Gray served his Notice of Appeal of the Gray action to the United States Court of Appeals for the Fifth Circuit. Proceeding under its understanding of the terms of the Contract to require Campbell to indemnify American Cyanamid for its trial and appellate costs and expenses, including reasonable attorneys' fees consequented by the Gray action, on March 10, 1992, American Cyanamid tendered the defense of the Gray action appeal to Campbell. Campbell refused to prosecute the appeal or to indemnify American Cyanamid for all or any part of its fees, costs, and expenses.

Aggrieved over Campbell's refusal to indemnify it, American Cyanamid filed this action for damages and for declaratory judgment on May 7, 1992. American Cyanamid demands: (1) a judgment in its favor against Campbell in the amount of $334,099.54, the amount of attorneys' fees and other costs and expenses allegedly incurred by it to that point in defending the Gray action, plus prejudgment interest, and interest on the entire amount from the date of judgment until paid; (2) a judgment in its favor against Campbell for extra-contractual damages in an amount to be determined at the trial of this action; (3) a judgment in its favor against Campbell adjudicating and declaring that Campbell is required to indemnify American Cyanamid against all costs and expenses, including reasonable attorneys' fees, incurred by American Cyanamid in defending the appeal of Michael Allen Gray from the final judgment and orders of this court in Civil Action No. J90–0167(b); (4) retention of jurisdiction of this action to fix and determine the amount to which American Cyanamid is entitled upon the conclusion of said appeal; and (5) for such other relief as the court may deem appropriate.

On June 22, 1993, this court stayed this action pending the outcome of the appeal of *Gray v. American Cyanamid* in the United States Court of Appeals for the Fifth Circuit.

On May 17, 1994, the Fifth Circuit handed down its decision, affirming the district court. The Fifth Circuit meticulously reviewed the evidence in the case and held that the evidence was sufficient to support the jury's verdict that while American Cyanamid was

negligent, that negligence was not the proximate cause of Gray's accident. The Fifth Circuit found Gray's other complaints to be without merit.

Upon being notified that *Gray v. American Cyanamid* had been decided, this court thereafter lifted its stay of the action *sub judice* and undertook a consideration of plaintiff's motion for partial summary judgment.

## SUMMARY JUDGMENT STANDARD

■ Rule 56(c) of the Federal Rules of Civil Procedure states in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

"The principal function of the motion for summary judgment is to show that, in the absence of factual disputes, one or more of the essential elements of a claim or defense before the Court is not in doubt and that, as a result, judgment should be entered on the basis of purely legal considerations." *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir.1986).

Summary judgment is no longer viewed as a

> 'peculiar procedural short cut,' but an integral part of the 'framework' of the Rules, closely related to other provisions which are similarly intended to permit the early elimination of claims and defenses that the proponents cannot support.

*Pope v. Mississippi Real Estate Com'n,* 695 F.Supp. 253, 261 (N.D.Miss.1988), citing *Fontenot,* 780 F.2d at 1197. Consequently, "courts should not hesitate to grant summary judgment where 'the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party.'" *OMP v. Security Pacific Business Finance, Inc.,* 716 F.Supp. 239, 244 (N.D.Miss.1989), citing *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). When the moving party has carried the Rule 56(c) burden, the opposing party must present more than a metaphysical doubt about the material facts in order to preclude the grant of summary judgment. *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1356.

## HOLDING

■ American Cyanamid here has met its burden under Rule 56. American Cyanamid has shown an indemnity agreement; that pursuant to this agreement Campbell contracted to indemnify American Cyanamid's costs and expenses in defending personal injury actions arising out of Campbell's performance of the contract; that Michael Gray, an employee of Campbell, was injured on the job; that Michael Gray filed a lawsuit against American Cyanamid; that Campbell refused to defend that action; that in defending the action American Cyanamid incurred costs and expenses; and that by the decision in *Gray v. American Cyanamid,* which poses collateral estoppel effects, *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979) (issue preclusion applies where the issue sought to be relitigated was actually determined and necessarily decided in a prior proceeding in which the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue), American Cyanamid has been absolved of any liability for the mishap. Campbell here was hoping for a different decision from the Fifth Circuit, namely that American Cyanamid's negligence was a proximate cause of Gray's injuries. The Fifth Circuit's refusal to adopt Campbell's theory of the *Gray* case caused the pendulum of responsibility to swing over towards Campbell's side of the indemnification agreement.

■ One additional matter must be addressed. Although a signatory to the *Fixed Price Construction Contract* with American Cyanamid, Campbell now claims that Article II, the indemnity provision, is a "hold harmless" provision which is void as against public policy and wholly unenforceable according to Miss.Code Ann. § 31–5–41 (1972, as amended). This court disagrees.

Section 31–5–41 provides as follows:

> With respect to all public or private contracts or agreements, for the construc-

tion, alteration, repair or maintenance of buildings, structures, highway bridges, viaducts, water, sewer or gas distribution systems, or other work dealing with construction, or for any moving, demolition or excavation connected therewith, every covenant, promise and/or agreement contained therein to indemnify or hold harmless another person from that person's own negligence is void as against public policy and wholly unenforceable.

This section does not apply to construction bonds or insurance contracts or agreements.

"This statute blocks indemnity for one's own negligence." *Ramsey v. Georgia–Pacific Corp.*, 597 F.2d 890, 894 (5th Cir.1979), quoting *Crosby v. General Tire & Rubber Co.*, 543 F.2d 1128, 1130–31 (5th Cir.1976). Thus, if the statute applies, it would do so only to bar recovery by American Cyanamid for its own negligence. In the action *sub judice*, American Cyanamid has been absolved of fault for Gray's injuries. So, here, American Cyanamid is not seeking recovery for its own negligence. Instead, American Cyanamid seeks recovery from Campbell based upon the contract between the two wherein Campbell agreed to indemnify American Cyanamid against "any and all claims, losses, demands, causes of action and any and all related costs and expenses, of every kind and character including, without limitation, reasonable attorneys' fees ... on account of personal injuries or death, ... growing out of, incident to, or resulting directly or indirectly from the performance by [CAMPBELL] hereunder, whether such loss, damage, injury or liability is contributed to by the negligence of CYANAMID ... or from other causes whatsoever ...; except that [CAMPBELL] shall have no liability for damages or the costs incident thereto caused by the sole negligence of CYANAMID." It is this blanket indemnification agreement American Cyanamid seeks to enforce. By this agreement, Campbell contracted to indemnify American Cyanamid against all personal injury actions incident to Campbell's performance of the construction contract at the American Cyanamid plant. So long as American Cyanamid is not seeking to recover for its own negligence, the contract obligates Campbell to indemnify American Cyanamid. As such, this court holds that the thrust of this agreement here falls outside of the scope of § 31–5–41. *Ramsey v. Georgia–Pacific Corp.*, 597 F.2d at 893; *Crosby v. General Tire & Rubber Co.*, 543 F.2d at 1130–31.

This court, then, grants plaintiff's motion for partial summary judgment on the issue of liability. The sole matter which remains is that of damages. The parties are directed to confer with each other to determine if an amount can be agreed upon and to advise the court's courtroom deputy of the status of any compromise. Meanwhile, this case is set for trial on the issue of damages only on November 7, 1994.

**SO ORDERED AND ADJUDGED.**