**Shannon CULLOP, Plaintiff,**

v.

**SPHERE DRAKE INSURANCE COMPANY, Defendant.**

**No. CIV.A. 2:00CV61PG.**

United States District Court,
S.D. Mississippi,
Hattiesburg Division.

Jan. 16, 2001.

Federal Express and Polk, to Mahaffey to-

Stephen Wright Mullins, Law Offices of Alwyn H. Luckey, Ocean Springs, MS, for Shannon Cullop, plaintiff.

James O. Dukes, William L. McDonough, Jr., Bryant, Clark, Dukes, Blakeslee, Ramsay & Hammond, Gulfport, MS, for Sphere Drake Insurance Company, Ltd., defendant.

### MEMORANDUM OPINION AND ORDER

PICKERING, District Judge.

This matter is before the Court on Motion for Summary Judgment filed on behalf of the defendant. The Court having reviewed the Motion, the Response, the Briefs of counsel, the authorities cited, the pleadings and exhibits on file, and being otherwise fully advised in the premises wards a settlement and release.

finds that the Motion is well taken and should be granted.

The Court finds specifically as follows, to-wit:

### FACTUAL BACKGROUND:

This is a declaratory judgment action filed against the defendant, Sphere Drake Insurance Company, by the plaintiff on or about March 6, 2000, alleging breach of a duty to defend Senòr Frog, Inc. and seeking satisfaction of a Default Judgment rendered against Senòr Frog in favor of the Plaintiff in another action.

On or about July 15, 1994, the plaintiff was injured in an altercation while a patron of the nightclub Senòr Frog located in Hattiesburg, Mississippi. He alleged, in his original Complaint in the other civil action, that he was attacked by an off-duty employee of the nightclub. As a result of the attack, the plaintiff suffered certain debilitating injuries.

On or about November 10, 1995 the plaintiff filed suit against Senòr Frog relative to the July, 1994 attack. After the filing of that Cullop Complaint, Sphere Drake denied coverage and a demand to defend pursuant to an Assault and Battery/Negligent Hiring exclusion contained in the policy issued by Sphere Drake to Senòr Frog bearing certificate number MP01251.

On July 31, 1998, this Court entered a Default Judgment in that litigation against Senòr Frog in the amount of $90,000 in Cullop's favor. It is alleged that thereafter Senòr Frog entered into an agreement with Cullop wherein Cullop would only pursue satisfaction of the Default Judgment against Sphere Drake in exchange for the assignment of Senòr Frog's rights under the policy. Sometime thereafter Cullop made demand on Sphere Drake to satisfy the Default Judgment. The defendant denied that request by letter dated February 8, 1999. Cullop then filed the instant lawsuit on March 6, 2000.

The defendant has filed an Answer and Counterclaim for Declaratory Relief asserting that it did not owe a duty to defend nor indemnify Senòr Frog for Cullop's injuries arising out of the attack of July, 1994 based on the aforementioned Assault and Battery/Negligent Hiring exclusion of its policy. That exclusion provides:

Notwithstanding anything contained to the contrary, it is understood and agreed that this policy excludes claims arising out of:

1. Assault and battery, whether caused by or at the instructions of, or at the direction of or negligence of the insured, his employees, patrons or any causes whatsoever and;

2. Allegations that the insured's negligent acts, errors or omissions in connection with the hiring, retention, supervision or control of employees, agents or representatives caused, contributed to, related to or accounted for the assault and battery.

This suit is before the Court based on its diversity jurisdiction. Therefore, the Court is *Erie* bound to apply the substantive law of the state of Mississippi. This Court has previously ruled that a duty to defend under Mississippi law arises if the suit in question "respects the insurance afforded by the terms of the policy." *Merchants Co. v. American Motorists Insurance Co.,* 794 F.Supp. 611, 616 (S.D.Miss.1992), quoting *Mavar Shrimp and Oyster Co. v. United States Fidelity & Guaranty Co.,* 187 So.2d 871 (Miss.1966). As further stated in *Merchants Company* "this Court has also ruled that a duty to defend also arises when a potential for coverage exists." *Id.* (Other citations omitted.) Further, "ultimate liability by the insurer is not dispositive of its duty to defend. To the contrary, the duty to defend is broader than the insured's duty to indemnify under its policy of insurance: The insurer has a duty to defend when there is any basis for potential liability under the policy." *Id.,* quoting *CNA Casualty of California v. Seaboard Surety Co.,* 176 Cal.App.3d 598, 222 Cal. Rptr. 276 (1986); *Liberty Life Ins. Co. v. Commercial Union Ins. Co.,* 857 F.2d 945, 949 (4th Cir.1988).

Defendant alleges that the injuries complained of by Cullop come clearly within the above quoted exclusion of the subject policy. The plaintiff argues to the contrary and states that he has alleged acts in his Complaint against Senòr Frog in addition to the assault and battery and that these other allegations potentially invoke coverage on behalf of Senòr Frog

■ Both parties cite well settled law regarding insurance contract construction principles under Mississippi law. Although the Mississippi Supreme Court has never ruled directly on an "assault and battery" exclusion in an insurance policy, the well settled rules of construction of insurance contracts under Mississippi law involve the issues at hand. Those rules, as quoted by the Fifth Circuit in *Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378 (5th Cir.1998), are as follows:

First, where an insurance policy is plain and unambiguous, a court must construe that instrument, like other contracts, exactly as written. (Citation omitted.) Second, it reads the policy as a whole, thereby giving effect to all provisions. (Citation omitted.) Third, it must read an insurance policy more strongly against the party drafting the policy and most favorably to the policy holder. (Citation omitted.) Fourth, where it deems the terms of an insurance policy ambiguous or doubtful it must interpret them most favorably to the insured and against the insurer. (Citation omitted.) Fifth, when an insurance policy is subject to equally reasonable interpretations, a court must adopt the one giving the greater indemnity to the insured. (Citation omitted.) Sixth, where it discerns no practical difficulty in making the language of an insurance policy free from doubt, it must read any doubtful provision against the insurer. (Citation omitted.) Seventh, it must interpret terms of insurance policies, particularly exclusion clauses, favorably to the insured wherever reasonably possible. (Citation omitted.) Finally, although ambiguities of an insurance policy are construed against the insurer, a court

must refrain from altering or changing a policy where terms are unambiguous, despite resulting hardship on the insured. (Citation omitted.)

149 F.3d at 382–383.

■ With these rules of construction in mind, the Court looks to the exclusion clause at issue in this case. Based on a careful review of that clause the Court comes to the conclusion that the clause is clear and unambiguous and excludes any claim resulting from an assault and battery on Cullop by Robert Shaw arising out of the incident of July, 1994. The plaintiff's attempts to allege other negligent acts which caused or contributed to his injuries are disingenuous. The policy clearly excludes any claim "arising out of" an "[a]ssault and battery" whether by an employee, a patron, or by "any causes whatsoever."

Although Plaintiff argues that his injury was a result of the atmosphere created by Defendant's insured in throwing dollar bills from a stairway, nevertheless, the claim *arises* out of the alleged assault and battery by Shaw. Further, the exclusion applies to an assault and battery resulting from "any causes whatsoever." Even if the assault and battery was proximately caused by the creation of this atmosphere in the bar, assault and battery is clearly excluded regardless of what causes the assault and battery—"any causes whatsoever." Simply put, the claim of Plaintiff *arose* out of assault and battery. The policy clearly excludes any claims *arising* out of assault and battery while on the premises insured regardless of by whom made and for whatever reasons, Plaintiff's arguments notwithstanding. The cases cited by plaintiff from other jurisdictions are consistent with the Court's conclusions in this case.

The Court therefore finds that the defendant had no duty to defend or indemnify Senòr Frog for the injuries claimed by Shannon Cullop arising out of his injury of July 15, 1994 on the premises of Senòr Frog.

**984**

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion for Summary Judgment is granted and the Court hereby declares that there was no duty on behalf of the defendant Sphere Drake Insurance Company to defend or indemnify Senòr Frog for the alleged injuries of Shannon Cullop arising out of the July 15, 1994 altercation on the Senòr Frog premises.

IT IS FURTHER ORDERED AND ADJUDGED that the plaintiff's Complaint for Declaratory Judgment is dismissed with prejudice. A separate Judgment will be entered herein in accordance with Rule 58, Fed.R.Civ.P.