United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 14, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-60664

CERTAIN LONDON MARKET INSURANCE COMPANIES; ET AL

Plaintiffs,

CERTAIN LONDON MARKET INSURANCE COMPANIES, ALLIANZ INSURANCE
COMPANY and ZURICH AMERICAN INSURANCE COMPANY

Plaintiffs-Appellants,

VERSUS

PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY; ET AL

Defendants,

PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY

Defendant-Appellee

Appeal from the United States District Court
For the Northern District of Mississippi, Eastern Division

(01-CV-179)

Before HIGGINBOTHAM, DENNIS, and CLEMENT Circuit Judges.

PER CURIAM:[*]

Certain London Market Insurance Companies, Allianz Insurance

Company and Zurich American Insurance Company ("Certain London")

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

appeal the district court's judgment in favor of Pennsylvania National Mutual Casualty Insurance Company ("Pennsylvania National") declaring that it was not required to defend or indemnify Certain London under the insurance policy involved in this case. We AFFIRM.

## I.  BACKGROUND

In March 1998, Performance Fiberglass & Linings ("Performance") purchased a Commercial General Liability policy (the "Policy") from Pennsylvania National. The following month, Performance entered into a Master Work Agreement for Construction and Field Services ("MWA") with Kerr-McGee. Under the MWA, Performance agreed to perform certain rubber lining and fiberglass work for Kerr-McGee at Kerr-McGee's electrolytic plant in Hamilton, Mississippi. The MWA contained a provision that required Performance to indemnify Kerr McGee "from and against any and all losses, damages, bodily injuries. . .directly or indirectly arising out of" Performance's work under the MWA.

Two of Performance's employees were seriously injured while they were relining a tank at Kerr-McGee's facility. These employees sued Kerr-McGee alleging that Kerr-McGee was liable for their injuries due to its negligence. Kerr-McGee demanded that Performance and its insurer, Pennsylvania National, defend and indemnify Kerr-McGee in these two lawsuits. When Performance and

2

Pennsylvania National refused, Kerr-McGee and its insurers, Certain London, settled the two lawsuits brought by the injured employees.

After the settlements, Certain London filed this declaratory judgment action against Performance and Pennsylvania National seeking indemnity from Performance and coverage under the Policy from Pennsylvania National for the costs associated with settling the two employees' lawsuits.[2]  Following a one-day bench trial, the district court ruled in favor of Pennsylvania National, concluding that because the indemnity provision in the MWA was invalid under Mississippi law it could not be an "insured contract" under the Policy.  Certain London timely appealed.

## II.  ANALYSIS

"The standard of review for bench trials is well-established: 'findings of fact are reviewed for clear error; legal issues *de novo*.'"  See Gebreyesus v. FC Schaffer & Assoc's, Inc., 204 F.3d 639, 642 (5th Cir. 2000)(quoting F.D.I.C. v. McFarland, 33 F.3d 532, 536 (5th Cir. 1994)).  Questions of contract interpretation are legal issues and are reviewed *de novo*.  See Am. Totalisator Co., Inc. v. Fair Grounds Corp., 3 F.3d 810, 813 (5th Cir. 1993).

The parties agree that the MWA is a construction contract governed by Mississippi law, and that certain indemnity agreements

---

[2]Kerr-McGee was subsequently joined as a plaintiff, but both Kerr-McGee and Performance were dismissed as parties by the district court prior to trial and are not parties to this appeal.

in construction contracts are void under Mississippi law as against public policy.  See M<small>ISS</small>. C<small>ODE</small> A<small>NN</small>. §31-5-41 (2004).  The parties also agree that Kerr-McGee was not a named insured under the Policy and that the Policy contains a contractual liability exclusion, which excludes from coverage any agreement or contract under which Performance "assumes liability," for another party unless that agreement is an "insured contract."  Thus, the parties agree that Certain London is only entitled to coverage under the Policy if Performance's agreement to indemnify Kerr-McGee in the MWA is an "insured contract" under the Policy and if that indemnity agreement is valid under Mississippi law.

The Policy defines an "insured contract" in relevant part as: "[t]hat part of any other contract or agreement pertaining to [Performance's] business. . .under which [Performance] assumes the tort liability of another party."  Tort liability is defined as "a liability that would be imposed by law in the absence of any contract or agreement."  Therefore, any provision in the MWA requiring Performance to indemnify Kerr-McGee is an "insured contract" only if Performance is assuming Kerr-McGee's tort liability under that provision.

But Certain London has not proven that Performance assumed any of Kerr-McGee's tort liability.  First, Certain London has not established that Kerr-McGee would have any tort liability for Performance's negligence.  In fact, Certain London admits in this

4

case that Kerr-McGee had no liability for Performance's negligence and that it only settled the employees' lawsuits as a "business decision."[3]

Second, the only other tort liability besides its own liability that Performance could have assumed under the indemnity provision of the MWA that would also be an "insured contract" under the Policy is tort liability arising from Kerr-McGee's own negligence. However, in a construction contract, "every covenant, promise and/or agreement contained therein to indemnify or hold harmless another person from that person's own negligence is void as against public policy" under Mississippi law. See MISS. CODE. ANN. 31-5-41 (2004); Crosby v. Gen. Tire & Rubber Co., 543 F.2d 1128 (5th Cir. 1976). Therefore, there is no valid basis for establishing tort liability necessary to constitute an "insured contract" under the Policy. Accordingly, the district court's grant of summary judgment in favor of Pennsylvania National is AFFIRMED.[4]

---

[3]Moreover, Performance and its employees were designated by the MWA as "independent contractors." Because there is no vicarious liability under Mississippi law for the acts of independent contractors, see Carr v. Crabtree, 55 So. 2d 408 (Miss. 1951), Kerr-McGee could not have any liability for Performance's negligent acts.

[4]In its reply brief, Certain London also argues that it is entitled to coverage under a second exception to the Policy's contractual liability exclusion. That exception would permit coverage for Performance's agreements to assume another's tort liability "[t]hat the insured would have in the absence of the

**AFFIRMED**

---

contract or agreement."  However, this argument is waived because Certain London failed to raise it before the district court. <u>See</u> <u>Forbush v. J.C. Penny Co.</u>, 98 F.3d 817, 822 (5th Cir. 1996).

6