ROY ANDERSON CORP.,
et al., Plaintiffs

v.

TRANSCONTINENTAL INSURANCE
CO. and A.D.S., L.L.C.,
Defendants

and

Transcontinental Insurance Co. and
A.D.S., L.L.C., Defendants/Counter–
Plaintiffs,

v.

Roy Anderson Corp., Plaintiff/Counter–
Defendant.

Civil Action No. 1:02CV703LG–RHW.

United States District Court,
S.D. Mississippi,
Southern Division.

Feb. 4, 2005.

---

13. *See Rubinstein,* 218 F.3d at 408.

Charles R. Wilbanks, Jr., Wells, Moore, Simmons & Hubbard, Jackson, MS, for Plaintiffs.

Ben E. Sheely, Aultman, Tyner, Ruffin & Yarborough, Ltd., Gulfport, MS, Harry Vincent Satterwhite, Satterwhite & Erwin, LLC, Mobile, AL, for Defendants.

*MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*

GUIROLA, District Judge.

BEFORE THIS COURT are the Motion of the Plaintiff, Roy Anderson Corp., for Summary Judgment [51], and the Motion of Defendants, Transcontinental Insurance Company and A.D.S., L.L.C., for Summary Judgment [53], filed in the above-captioned cause. The Plaintiff contends that it is entitled to a declaratory judgment concerning coverage under a certain insurance policy issued by Defendant Transcontinental Insurance Company to Defendant A.D.S., L.L.C. The Defendants contend that they are entitled to a declaratory judgment that there is no coverage under the policy. After careful consideration of the motions, responses, rebuttals, pleadings, summary judgment evidence, and the relevant legal authority, the Court is of the opinion that Plaintiff's motion should be granted and Defendants' motion should be

denied in part and granted in part. The Plaintiff is entitled to a declaration that Defendant Transcontinental Insurance Company has a duty to defend the Plaintiff in the underlying litigation. In addition, MISS.CODE ANN. § 31–5–41 does not void coverage under the policy; therefore, Plaintiff is entitled to coverage as an additional insured under Policy number 2049003164 issued by Defendant Transcontinental Insurance Company to Defendant A.D.S., L.L.C. The Defendants are entitled to a declaration that neither A.D.S., L.L.C., nor Transcontinental Insurance Company has a duty to indemnify the Plaintiff because any such agreement to indemnify the Plaintiff for its own negligence is void pursuant to MISS.CODE ANN. § 31–5–41.

## FACTS AND PROCEDURAL HISTORY

The Plaintiff, Roy Anderson Corp. ("Roy Anderson"), and the Defendant, A.D.S., L.L.C. ("ADS"), entered into a Subcontract Agreement in September 2001 concerning an end zone expansion project at the Vaught Hemingway Stadium at the University of Mississippi. ADS, as the subcontractor, agreed to perform certain concrete finishing on the project. In accordance with the agreement, "ADS was required to purchase insurance and name Roy Anderson as an additional insured." Defs.'s Br. in Supp. of Defs.'s Mot. for Summ. J., p. 2, dated June 17, 2004. The Subcontract Agreement provides as follows:

> **The Subcontractor shall obtain, before commencement of work, and maintain until final acceptance of the Project, full insurance coverage for commercial general liability, automobile liability, excess liability, workers' compensation, and employers' liability set forth in Section 30.0 of this Subcontract and with an insurance carrier acceptable to the Contractor.** The Subcontractor is hereby made responsible for determining and obtaining the types and extent of such additional insurance as may be necessary to give adequate and complete protection to the Subcontractor, the Contractor, and the Owner from claims for property damage and from claims for bodily injury, including death, which may arise from or be connected with this Subcontract, whether such claims relate to acts or omissions of Subcontractor, of any of its subcontractors or suppliers, or anyone directly or indirectly employed by any of them. **The Subcontractor shall name the Contractor as an additional insured (not subject to premium terms or liability) on all insurance policies and coverage's (sic), and the Subcontractor's insurance shall be primary as to any other valid insurance available to the Contractor and shall contain a standard cross-liability endorsement, severability of interests clause, and a waiver of all rights of subrogation by Subcontractor's insurer as against the Contractor. The insurance protection and coverage provided hereunder by the Subcontractor for the Contractor's benefit shall not be restricted solely to the Subcontractor's indemnity obligations but are intended to extend to all claims, liability, or loss of whatever nature arising from or relating to the Subcontractor, to the Subcontract Work, or to this Subcontract, regardless of the alleged liability or fault of any party indemnified under this Subcontract.**

Section 14.1, Att. A, Subcontract Agreement, signed by ADS 10/10/01, att. as Ex. A., Pl.'s Mot. for Summ. J., filed May 24, 2004. ADS purchased an insurance policy from Defendant Transcontinental Insurance Company ("TIC"), policy number 2049003164, which named "ADS as the insured and Roy Anderson as an additional insured with limitations." Defs.'s Br., p. 2,

dated June 17, 2004. The policy provides in pertinent part as follows:

> We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:
>
> a. All expenses we incur.
>
> . . . . .
>
> . . . . .
>
> d. All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss of earnings up to $250 a day because of time off from work.
>
> e. All costs taxed against the insured in the "suit".
>
> f. Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer.
>
> g. All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

Supplementary Payments, Coverages A and B, ¶ 1., Policy, att. as Ex. B., Pl.'s Mot. for Summ. J., filed May 24, 2004. The policy also provides as follows:

> If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit", we will defend that indemnitee if all of the following conditions are met:
>
> a. The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";
>
> . . . . .
>
> . . . . .
>
> d. The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee.

Supplementary Payments, Coverages A and B, ¶ 2., Policy, att. as Ex. B., Pl.'s Mot. for Summ. J. "Suit" is defined as "a civil proceeding in which damages because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which this insurance applies are alleged." Commercial General Liability Coverage Form, Section V, ¶ 18., Policy, att. as Ex. B., Pl.'s Mot. for Summ. J. The policy also provides as follows:

> The insurance provided to the additional insured is limited as follows:
>
> 1. That person or organization is only an additional insured with respect to liability arising out of:
>
> a. Your premises;
>
> b. "Your work" for that additional insured; or
>
> c. Acts or omissions of the additional insured in connection with the general supervision of "your work."

Contractor's Blanket Additional Insured Endorsement, ¶ B., Policy, att. as Ex. B., Pl.'s Mot. for Summ. J. "Your work" is defined as follows:

> a. Work or operations performed by you or on your behalf; and
>
> b. Materials, parts or equipment furnished in connection with such work or operations.

Commercial General Liability Coverage Form, Section V, ¶ 21., Policy, att. as Ex. B., Pl.'s Mot. for Summ. J.

On January 17, 2002, Michael Spradlin, a member of ADS, was injured while working on the end zone expansion project. On February 28, 2002, Spradlin's attorney wrote Roy Anderson to request that Roy

Anderson inform its insurance carrier of the accident. Roy Anderson replied that it was an additional insured under the ADS policy and thus ADS should notify its carrier, TIC, of the accident on behalf of Roy Anderson. On March 27, 2002, Spradlin filed a complaint in the Circuit Court of Harrison County, Mississippi, against Roy Anderson seeking damages for injuries Spradlin sustained in the accident. Counsel for Roy Anderson submitted a copy of the complaint to TIC based upon Roy Anderson's contention that it was entitled to coverage under the terms of the ADS policy with TIC. On April 4, 2002, a TIA Claims Specialist informed Roy Anderson by correspondence that TIC "will fully investigate the claim, but reserves its rights under the terms and conditions of the policy." Pl.'s Br. in Supp. of Mot. for Summ. J., p. 4, dated May 24, 2004.

On September 5, 2002, Roy Anderson filed a declaratory judgment action in this Court against TIC and ADS after TIC "repeatedly refused to provide a defense and/or indemnity to Roy Anderson." Pl.'s Br., p. 5. In its complaint, Roy Anderson requested that the Court declare "that Roy Anderson Corp has coverage for the claims made under the policy." Pl.'s Compl., p. 7, filed Sept. 5, 2002. "Alternatively, Roy Anderson Corp requests that this Court enter an Order declaring the rights and duties of ADS under the Subcontract Agreement, requiring ADS to fully indemnify[1] and hold Roy Anderson Corp. harmless in the underlying litiga-

tion." Pl.'s Compl., p. 7. On October 23, 2002, ADS and TIC filed a counterclaim for declaratory judgment.[2] ADS and TIC contend that they are entitled to a declaration that "there is no coverage under the [TIC] policy and/or a defense provided for ROY ANDERSON, and that A.D.S., L.L.C. is not responsible under any contract or subcontract to provide indemnity or defense to ROY ANDERSON or that these Defendants/Counter–Plaintiffs are required to pay any other sums." Defs.'s Answer and Countercl., p. 13, filed Oct. 23, 2002.

On May 24, 2004, Roy Anderson filed a motion for summary judgment based upon its contention that TIC has a duty to defend Roy Anderson under Mississippi law because the allegations in the underlying action come within the coverage of the policy. In addition, Roy Anderson claims that, as an additional insured on the policy, it is entitled to coverage under the terms of the policy. In the alternative, Roy Anderson contends that in the event there is no coverage under the policy, ADS has breached its agreement with Roy Anderson by failing to provide such coverage. The Defendants deny that the TIC policy provides coverage or a duty to defend for Roy Anderson. In addition, the Defendants contend that ADS is not required to indemnify or defend under the terms of the contract between ADS and Roy Anderson. Lastly, the Defendants contend that even if ADS and TIC were

---

1. Although Roy Anderson indicated in its complaint and amended complaint that it is entitled to indemnification, Roy Anderson does not seek a declaration in its motion for summary judgment that it is entitled to indemnification from either ADS or TIC.

2. In their original counterclaim and in their counterclaim filed on January 21, 2005, Defendants allege that "[i]n the event the Court does find coverage and/or a defense to be provided by TRANSCONTINENTAL, TRANS-

CONTINENTAL asserts its policy is excess coverage over and above any liability policy obtained by ROY ANDERSON." Defs.'s Countercl., ¶ 16., filed Oct. 23, 2002; Defs.'s Countercl., ¶ 16., filed Jan. 21, 2005. Defendants cite paragraph C. of the Additional Insured Endorsement in support of their contention. This issue, however, was not raised in Defendants' motion for summary judgment, has not been briefed, and is therefore not before the Court at this time.

contractually bound to indemnify Roy Anderson, MISS.CODE ANN. § 31–5–41 prohibits such indemnification as against public policy. On June 17, 2004, TIC and ADS filed a motion for summary judgment asserting essentially the same arguments as asserted in their response and contending that they are entitled to summary judgment.

On December 7, 2004, after the summary judgment motions were fully briefed, Roy Anderson moved to amend the complaint to add Zurich North American Insurance ("Zurich") and Great American Alliance Insurance Company ("Great American") as Plaintiffs. According to Roy Anderson, the Spradlin case was resolved, and Zurich and Great American, Roy Anderson's insurers, "collectively paid a confidential sum to Spradlin on Roy Anderson's behalf in full and final settlement of his case." Pl.'s Mot. for Leave to File First Am. Compl., ¶ 5., filed Dec. 7, 2004. The Court granted the motion, and the Amended Complaint was filed on January 11, 2005. On January 21, 2005, the Defendants/Counter–Plaintiffs filed their answer to the amended complaint and counterclaim against the Plaintiffs. The Plaintiffs/Counter–Defendants [3] filed their answer to the counterclaim on January 28, 2005.

## DISCUSSION

FED.R.CIV.P. 56 permits any party to a civil action to move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law. In effect, Rule 56(c) provides that as a matter of law, upon admitted or established facts, the moving party is entitled to prevail. Summary judgment "is not a catch penny contrivance to take unwary litigants into its toils and deprive them of a trial, it is a liberal measure, liberally designed for arriving at the truth. Its purpose is not to cut litigants off from their right of trial by jury if they really have evidence which they will offer on a trial, it is to carefully test this out, in advance of trial by inquiring and determining whether such evidence exists." *Whitaker v. Coleman*, 115 F.2d 305 (5th Cir.1940). A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324–25, 106 S.Ct. at 2553–54. The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

## DOES TIC HAVE A DUTY TO DEFEND AND PROVIDE COVERAGE TO ROY ANDERSON UNDER THE TERMS OF THE POLICY:

 An insurer "has an absolute duty to defend a complaint which contains allegations covered by the language of the policy, but it has absolutely no duty to defend those claims which fall outside the coverage of the policy." *Farmland Mut. Ins. Co. v. Scruggs*, 886 So.2d 714, 719 (Miss.2004) (citations omitted). "Only if the pleadings state facts which bring the injury within the coverage of the policy is the insured required to defend." *Shelter Mut. Ins. Co. v. Brown*, 345 F.Supp.2d

**3.** For simplicity, the Court will refer to the Plaintiffs/Counter–Defendants as "Plaintiffs" and the Defendants/Counter–Plaintiffs as "Defendants."

645, 648–49 (S.D.Miss.2004), *citing Mulberry Square Productions, Inc. v. State Farm Fire & Cas. Co.,* 101 F.3d 414, 421 (5th Cir.1996). Therefore, in determining whether the insurer has a duty to defend the insured, the Court must "look to the allegations in the underlying state court complaint[ ]." *Am. Guar. & Liab. Ins. Co. v. The 1906 Co.,* 273 F.3d 605, 610 (5th Cir.2001) (applying Mississippi law). "The insurer has a duty to defend when there is any basis for potential liability under the policy." *Cullop v. Sphere Drake Ins. Co.,* 129 F.Supp.2d 981, 982 (S.D.Miss.2001) (citations omitted).

■ The Spradlin complaint essentially alleges that Roy Anderson [4] was negligent in failing to properly construct a metal platform. On the date of the accident, Spradlin was in the process of pouring a concrete slab over the metal platform. The metal platform "separated from its anchors on the interior wall of the elevator shaft and collapsed." Spradlin's Compl., ¶ 15., filed Mar. 27, 2002, att. as Ex. F., Pl.'s Mot. for Summ. J. "When the platform collapsed, [Spradlin] was able to grab and hold on to the concrete bucket." Spradlin's Compl., ¶ 16. Spradlin hung on to the bucket for several minutes hoping that he would be rescued. He "eventually lost his grip and plunged between sixty and eighty feet to the bottom of the elevator shaft." Spradlin's Compl. ¶ 16. Spradlin's complaint also alleges that Roy Anderson's "conduct, acts, and/or omissions ... constituted gross negligence evidencing a wanton or reckless disregard for the safety of [Spradlin] and others." Spradlin's Compl., ¶ 20. The Spradlin complaint does not allege any negligence or gross negligence on the part of ADS.

■ "The interpretation of an insurance policy is a question of law, not one of fact." *Noxubee County Sch. Dist. v. United Nat'l Ins. Co.,* 883 So.2d 1159, 1165 (Miss.2004) (citations omitted). Mississippi insurance law is quite clear that "when the words of an insurance policy are plain and unambiguous, the court will afford them their plain, ordinary meaning and will apply them as written. *Noxubee County Sch. Dist.,* 883 So.2d at 1165, *citing Paul Revere Life Ins. Co. v. Prince,* 375 So.2d 417, 418 (Miss.1979). "Any ambiguities in an insurance contract must be construed against the insurer and in favor of the insured and a finding of coverage." *Nationwide Mut. Ins. Co. v. Garriga,* 636 So.2d 658, 662 (Miss.1994) (citations omitted). "Further, provisions that limit or exclude coverage are to be construed liberally in favor of the insured and most strongly against the insurer." *Noxubee County Sch. Dist.,* at 1165 (citation omitted).

*Is Roy Anderson Covered Under the Additional Insured Endorsement?*

As noted above, Roy Anderson is named as an additional insured on the policy issued by TIC. The policy restricts coverage for an additional insured to certain circumstances, only one of which is at issue in this case. The policy provides coverage for an additional insured "with respect to liability arising out of ... '[ADS's] work' for that additional insured." Contractor's Blanket Additional Insured Endorsement, ¶ B.1.b., Policy. TIC and Roy Anderson disagree about the scope of "liability arising out of your work," as used in the policy. According to Roy Anderson, Spradlin was injured while performing work for ADS in accordance with the

---

**4.** The complaint also named Arcon Group Holdings, Inc., and several unnamed individuals or businesses as defendants.

agreement between Roy Anderson and ADS. Therefore, Roy Anderson is an additional insured under the TIC policy. On the other hand, TIC contends that, although Spradlin was performing work for ADS when he was injured, Spradlin's complaint does not allege that his injury was caused by the work of ADS. Spradlin's complaint alleges that he was injured due to the negligence of Roy Anderson in constructing the platform. For this reason, TIC contends that Roy Anderson is not covered under the additional insured endorsement.

In this case, jurisdiction is based on diversity of citizenship; therefore, the Court must apply Mississippi jurisprudence. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79–80, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Webb v. City of Dallas, Tex.*, 314 F.3d 787, 792 (5th Cir.2002). Neither the Supreme Court of Mississippi nor the Mississippi Court of Appeals has analyzed the definition or interpretation of the scope of "liability arising out of your work." Because the Mississippi Supreme Court has not addressed the issue, "[this] court's role . . . is to ascertain what the Mississippi Supreme Court would hold in a similar case." *Vowell v. Physicians Mut. Life Ins. Co.*, 711 F.Supp. 318, 323 (N.D.Miss. 1989), citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). "The court recognizes that it is the privilege of the Mississippi Supreme Court to change the law and that it is the role of a federal court to apply state law as it exists." *Vowell*, 711 F.Supp. at 323, citing *Jackson v. Johns–Manville Sales Corp.*, 781 F.2d 394, 397 (5th Cir.1986).

Other courts have interpreted similar policy language in similar factual circumstances and have determined that such language "is ambiguous as to whose negligence is covered and whose negligence is excluded from coverage." *McIntosh v. Scottsdale Ins. Co.*, 992 F.2d 251, 254 (10th Cir.1993) (applying Kansas law); *see also Merchants Ins. Co. of N.H., Inc. v. U.S. Fid. & Guar. Co.*, 143 F.3d 5, 9–10 (1st Cir.1998) (applying Massachusetts law). In *McIntosh*, an employee of the named insured was injured while performing work for the named insured. The named insured had a policy of insurance in which the owner of the premises was named as an additional insured. The injured employee sued the additional insured, contending that its negligence caused his injuries. The insurance company claimed that because the negligence of the additional insured caused the accident, the policy did not provide coverage. The Tenth Circuit disagreed. The court held that the policy language did not limit coverage of the additional insured to vicarious liability for the named insured's negligence. *McIntosh*, 992 F.2d at 254. The court determined that "arising out of" relates to causation, but does not rise to a level of proximate cause. *McIntosh*, at 255. The court, however, indicated that something more than a remote connection is required. *Id.* The court concluded that, under the facts in that case, a sufficient causal connection existed between the named insured's operations, the Plaintiff's injuries, and the liability of the additional insured; therefore, the policy covered the additional insured.

The Fifth Circuit has also interpreted similar language in determining whether a policy provided coverage for an additional insured under similar factual circumstances. In *Mid–Continent Cas. Co. v. Swift Energy Co.*, 206 F.3d 487, 499–500 (5th Cir.2000) (applying Texas law), an employee of the named insured was injured while performing duties under a contract between the named insured and the additional insured. The employee filed suit against the additional insured, contending that its negligence caused his injuries. The insurer claimed that the additional

insured was not covered under the policy because the injuries were caused by its negligence and not by the negligence of the named insured. Like the policy in this case, the policy in *Swift* limited coverage for an additional insured "to liability arising out of [the named insured's] ongoing operations performed for [the additional insured]." *Swift*, 206 F.3d at 491–92. The Fifth Circuit determined that the additional insured was covered under the policy even though the named insured was not negligent. *Swift*, at 500. The court noted that the insurer "could have expressly stated in the Policy that liability not resulting from [the named insured's] sole negligence was not covered by the additional insured endorsement," but "[i]t did not do so." *Id.*, at 499. The Fifth Circuit indicated that this interpretation is "consistent with the majority view in other jurisdictions." *Id.*

Texas law, like Mississippi law, requires ambiguous provisions in insurance policies to be construed against the insurer and in favor of the insured and a finding of coverage. *Swift*, 206 F.3d at 491, *citing Gonzalez v. Mission Am. Ins. Co.*, 795 S.W.2d 734, 737 (Tex.1990). "[W]hen the language chosen is susceptible of more than one construction, such policies should be construed strictly against the insurer and liberally in favor of the insured." *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 666 (Tex.1987), *citing Glover v. Nat'l Ins. Underwriters*, 545 S.W.2d 755, 761 (Tex.1977); *Ramsay v. Md. Am. Gen. Ins. Co.*, 533 S.W.2d 344, 349 (Tex.1976); *Royal Indem. Co. v. Marshall*, 388 S.W.2d 176, 180 (Tex. 1965). Furthermore, Texas law requires that exclusionary clauses be construed even more stringently. *Swift*, at 491, *citing Barnett*, 723 S.W.2d at 666. Based upon the similarities in Texas law and Mississippi law, the undersigned is of the opinion that the Mississippi Supreme

Court would agree with the Fifth Circuit's interpretation of Texas law and the majority view of other jurisdictions that have considered this issue. Therefore, the policy language, "liability arising out of your work," does not mean "liability proximately caused by your work." Only a causal connection to "your work" is required. It is undisputed that at the time of the accident, Spradlin was in the process of pouring concrete as part of his job for ADS. Based upon Spradlin's allegations that he was injured while performing these duties, Spradlin's complaint includes allegations which are covered by the language of the policy. Therefore, TIC has a duty to defend and provide coverage to Roy Anderson.

*Is Roy Anderson Excluded from Coverage Under the "Supplementary Payments— Coverages A and B" Section of the Policy?*

■ TIC argues that Roy Anderson is not covered under the policy based upon an exclusionary provision in the Supplementary Payments section, the pertinent provisions of which are quoted above,[5] because there is a conflict of interest between Roy Anderson, the indemnitee, and ADS, the insured. Roy Anderson contends, however, that under the terms of the policy, Roy Anderson is an insured, not an indemnitee. Therefore, the provision does not apply to Roy Anderson. The Court agrees with Roy Anderson. The Additional Insured Endorsement includes in the definition of insured "any person or organization (called additional insured) whom you are required to add as an additional insured on this policy under … [a] written contract or agreement." Additional Insured Endorsement, ¶ A.1., att. as Ex. B., Pl.'s Mot. for Summ. J. The parties do not dispute that Roy Anderson was added as an additional insured under this policy. Therefore, Roy Anderson is an insured

---

5. Those policy provisions are quoted *supra* at 557.

under the terms of the policy and is therefore not an indemnitee.

■ Even if Roy Anderson were considered to be an indemnitee, the provision would not exclude Roy Anderson from coverage. "Suit," as that term is used in the Supplementary Payments provision, refers to the underlying action.[6] The insured, ADS, was not named as a party in the underlying action; therefore, no conflict of interest existed in the underlying action based upon Spradlin's allegations. For this reason, the exclusionary provision of the Supplementary Payments section does not exclude Roy Anderson from coverage under the policy.

*Does* Miss.Code Ann. *§ 31–5–41 Void Coverage Under the Policy?*

■ According to TIC, the indemnity agreement between Roy Anderson and ADS is void as against public policy, as provided in Miss.Code Ann. § 31–5–41, because the agreement requires ADS to indemnify Roy Anderson for Roy Anderson's own negligence. Because the indemnity agreement is void, "ADS never assumed any liability for the negligence of Roy Anderson under the Agreement and as such, TIC, as ADS's insurer, cannot be required thereunder to defend or indemnify Roy Anderson." Defs.' Reb. Br., p. 8, filed July 22, 2004.

Roy Anderson, on the other hand, argues that the statute does not apply to insurance contracts; therefore, the statute does not void coverage under the policy. Roy Anderson contends that even if the statute does apply, "[i]t is premature to determine the application of the statute at this time." Pl.'s Combined Reb. Br. & Resp., p. 6, dated July 9, 2004. According to Roy Anderson, "Roy Anderson is not asking to be indemnified for its own negligence, and therefore, the statute does not

apply." Pl.'s Combined Br., p. 6. Roy Anderson also noted that it "has denied any negligence in this instance, and there has been no finding that Roy Anderson was negligent, as the *Spradlin* case has not gone to trial." Pl.'s Combined Br., p. 6.

As noted above, *Spradlin* is not going to trial because the case has been resolved. Roy Anderson acknowledged that its insurers "paid a confidential sum to Spradlin on Roy Anderson's behalf in full and final settlement of his case." Pl.'s Mot. for Leave to File First Am. Compl., ¶ 5., filed Dec. 7, 2004. The Court is cognizant that even though the underlying action has been settled, no determination has yet been made concerning whose negligence proximately caused Spradlin's injuries. To the extent that Spradlin's injuries were not proximately caused by Roy Anderson's negligence, Miss.Code Ann. § 31–5–41 does not void coverage under the TIC policy because § 31–5–41 simply does not apply. *Am. Cyanamid Co. v. Campbell Constr. Co.*, 864 F.Supp. 580, 584 (S.D.Miss.1994). The Court will assume that Roy Anderson was negligent for purposes of resolving the coverage issues.

■ Miss.Code Ann. § 31–5–41 provides as follows:

> With respect to all public or private contracts or agreements, for the construction, alteration, repair or maintenance of buildings, structures, highway bridges, viaducts, water, sewer or gas distribution systems, or other work dealing with construction, or for any moving, demolition or excavation connected therewith, every covenant, promise and/or agreement contained therein to indemnify or hold harmless another person from that person's own negligence is

---

**6.** The definition of "suit," as defined in the policy, is quoted *supra* at 557.

void as against public policy and wholly unenforceable.

This section does not apply to construction bonds or insurance contracts or agreements.

MISS.CODE ANN. § 31–5–41. Neither the Supreme Court of Mississippi nor the Mississippi Court of Appeals, nor any court interpreting Mississippi law, has addressed the issue of whether this statute voids insurance coverage procured by a named insured to cover an additional insured that is named as such under the policy for the additional insured's own negligence. The Fifth Circuit addressed a similar issue involving the applicability of § 31–5–41 to an agreement to procure insurance to cover indemnification in *Crosby v. Gen. Tire & Rubber Co.*, 543 F.2d 1128 (5th Cir.1976).

In *Crosby*, the Plaintiff, James Crosby, was severely injured while painting inside a chemical tank in accordance with a contract entered into by his employer, Vulcan Painters, Inc., and the owner of the premises, General Tire and Rubber Company. Crosby filed suit against General Tire asserting that his injuries were caused by General Tire's negligence. "General Tire filed a third party complaint seeking indemnity from Vulcan and from Assurance Company of America (Assurance), Vulcan's liability insurer." *Crosby*, 543 F.2d at 1129–30. General Tire's indemnity claims against Vulcan and Assurance were based upon the contract between Vulcan and General Tire, which required Vulcan to "hold General Tire harmless for all liability arising out of the performance of the work." *Crosby*, 543 F.2d at 1130. The Fifth Circuit held that Vulcan's agreement to hold General Tire harmless for General Tire's negligence was clearly void under MISS.CODE ANN. § 31–5–41. *Crosby*, at 1131.

General Tire also sought indemnity from Assurance, Vulcan's insurer. General Tire argued that "only uninsured indemnity agreements are voided by the statute, because insured agreements are preserved by [the last sentence] which states that '[t]his [section] does not apply to construction bonds or insurance contracts or agreements.'" [7] *Id.* The Fifth Circuit disagreed and held as follows:

General Tire's interpretation of [the last sentence] contradicts the plain language of the section. [The last sentence] exempts insurance contracts, not insured indemnity contracts, from the operation of [the first paragraph]. The purpose of [the last sentence of the statute] can be illustrated in this way. If General Tire had realized that it could not rely on the indemnity agreement with Vulcan to protect it against liability, it likely would have arranged for its own liability insurance. Such an insurance contract would have come within the terms of [the last sentence]. The drafters of the statute, we conclude, did not mean to abrogate such insurance agreements and, perhaps out of an abundance of caution, they added [the last sentence].

[The last sentence] in fact operates to preserve the agreement between Vulcan and its insurer, Assurance. But that does General Tire no good, because [the first paragraph] cuts the link between Vulcan and General Tire, and General Tire can reach Assurance only through Vulcan.

*Id.* Based upon the Fifth Circuit's holding in *Crosby*, a contractor cannot enforce an agreement by a subcontractor to provide insurance coverage for indemnification for the contractor's own negligence. MISS. CODE ANN. § 31–5–41 voids any such

---

7. At the time that the Fifth Circuit decided *Crosby*, MISS.CODE ANN. § 31–5–41 was divided into two subsections, (a) and (b), but the language of the statute interpreted in *Crosby* was virtually identical to the language of the current statute.

agreements. In other words, the parties cannot circumvent the statute by merely agreeing to provide insurance coverage for indemnification that by statute is void as against public policy. The court acknowledged that the language in the statute, that the provision does not apply to insurance contracts, does not prohibit the contractor from arranging its own liability insurance to cover its own negligence.

Likewise, in *Certain London Mkt. Ins. Companies v. Penn. Nat'l Mut. Cas. Ins. Co.*, 269 F.Supp.2d 722 (N.D.Miss.2003), *aff'd*, 106 Fed.Appx. 884, 2004 WL 1570356 (5th Cir.2004), Performance Fiberglass and Linings, Inc. ("Performance") agreed by written contract with Kerr–McGee Chemical Corp. ("Kerr–McGee") to perform certain work at Kerr–McGee's plant. Two employees of Performance were injured while working at the plant. Both employees subsequently filed lawsuits against Kerr–McGee claiming that Kerr–McGee was liable for their injuries. After settling the claims, Kerr–McGee's insurers, collectively referred to as Certain London,[8] filed a complaint against Penn National Mutual Casualty Insurance Company ("Penn National"),[9] seeking a declaration that "Penn National is obligated to defend, indemnify and hold [Certain London] harmless." *Certain London*, 269 F.Supp.2d at 724. Following the Fifth Circuit's holding in *Crosby*, the court held as follows:

> In conclusion, Penn National's argument is well taken. As the Fifth Circuit stated in *Crosby*, the sentence " '[t]his act does not apply to construction bonds or insurance contracts or agreements' ex-

empts insurance contracts, not insured indemnity contracts, from the operation of [the statute]". *Crosby*, 543 F.2d at 1131. It seems logical that since the indemnity provision is void, Performance, and as a result Penn National, never actually assumed any of Kerr–McGee's liabilities under the CGL policy.

*Certain London*, at 733. Therefore, because the link between indemnitor and indemnitee is cut by statute (for the indemnitee's own negligence, that is), any agreement to procure insurance to attempt to circumvent the statute is void.

In *Certain London*, unlike in this case, Kerr–McGee was not named as an additional insured under the Penn National policy. *Id.*, at 727. In this case, Roy Anderson was named as an additional insured on the TIC policy. In addition, the agreement between ADS and Roy Anderson concerning insurance coverage was not limited to or linked to the obligation to indemnify under the terms of the policy. In fact, the agreement between ADS and Roy Anderson specifically provided that coverage would not be limited to ADS's indemnity obligations. Section 14.1, Att. A, Subcontract Agreement, signed by ADS 10/10/01, att. as Ex. A., Pl.'s Mot. for Summ. J., filed May 24, 2004. The distinction between insurance coverage and indemnification is important. Roy Anderson seeks coverage in this case, not indemnification. Any attempt by Roy Anderson to be indemnified for its own negligence is clearly barred by MISS.CODE ANN. § 31–5–41. However, because Roy Anderson as-

---

8. Kerr–McGee's insurers included Certain London Market Insurance Companies, Allianz Insurance Company, and Zurich American Insurance Company. Though the insurers are three different companies, for simplicity, the Court will refer to them collectively as "Certain London."

9. Certain London also asserted that Performance "is obligated to indemnify, defend and hold [Certain London] harmless from and against any and all losses." *Certain London*, 269 F.Supp.2d at 724. Prior to trial, both Kerr–McGee and Performance were dismissed.

serted a claim for indemnification in its complaint, the Court must grant the Defendants' motion insofar as it seeks a declaration concerning indemnification. Neither ADS nor TIC has a duty to indemnify Roy Anderson because any such agreement to indemnify Roy Anderson for its own negligence is void pursuant to Miss. Code Ann. § 31–5–41.

As noted above, the Mississippi Supreme Court has never addressed the issue of whether an agreement to provide insurance coverage, not limited to coverage for indemnity obligations, is void under the statute. Other courts that have considered this issue have distinguished agreements to procure insurance from agreements to indemnify,[10] and have held that agreements to procure insurance are not barred by anti-indemnity statutes. *See, e.g., Chrysler Corp. v. Merrell & Garaguso, Inc.,* 796 A.2d 648, 651–53 (Del. 2002); *Zettel v. Paschen Contractors, Inc.,* 100 Ill.App.3d 614, 56 Ill.Dec. 109, 427 N.E.2d 189, 191–93 (1981); *Kinney v. G.W. Lisk Co., Inc.,* 76 N.Y.2d 215, 557 N.Y.S.2d 283, 556 N.E.2d 1090, 1092 (1990).

In *W.E. O'Neil Constr. Co. v. Gen'l Cas. Co. of Ill.,* 321 Ill.App.3d 550, 254 Ill.Dec. 949, 748 N.E.2d 667 (2001), the W.E. O'Neil Construction Company ("O'Neil") and Blommaert Brothers Masonry, Inc. ("Blommaert") entered into a construction contract in which Blommaert was the subcontractor and O'Neil was the general contractor. General Casualty Company of Illinois ("General Casualty") "issued a commercial general liability insurance policy to Blommaert," and "O'Neil was listed as an additional insured on the policy." *W.E. O'Neil,* 321 Ill.App.3d at 553, 748 N.E.2d at 669. Assurance Company of America ("Assurance") "was the excess insurer of O'Neil." *W.E. O'Neil,* at 553, 748 N.E.2d 667. O'Neil was subsequently named as a defendant in a personal injury lawsuit arising out of Blommaert's work for O'Neil. "O'Neil tendered its defense to General Casualty, which paid only a portion of the defense costs." *Id.* O'Neil and its excess insurer, Assurance, filed a declaratory judgment action against General Casualty seeking a declaration that General Casualty had breached its duty to defend in the underlying personal injury action. *Id.* The court held as follows:

> Although the insurance provision in the Blommaert subcontract requires insurance "to cover" the indemnity agreement and states that coverage is "afforded for" the indemnity provision, the provision also requires that O'Neil be named as an additional insured on Blommaert's comprehensive general liability insurance. It stands separate and apart from the indemnity agreement as an agreement to purchase insurance for the general contractor. We conclude that the insurance provision is not tied inextricably to the indemnity agreement. The trial court did not err in entering summary judgment in favor of Assurance. General Casualty owed O'Neil defense costs as the primary insurer of an additional insured.

*Id.,* at 672–73. The court in *W.E. O'Neil* reasoned as follows:

> A promise to obtain insurance is different from a promise to indemnify.... When there is a promise to obtain insurance, the promisor agrees to procure, and pay for, insurance but bears no responsibility in the event of injury or

---

10. The Fifth Circuit noted a similar distinction between insured contracts and insured indemnity contracts, but the Fifth Circuit has not considered the issue of whether such coverage is void when the indemnitee is also named as an additional insured under the terms of the policy, and the obligation to provide such insurance is not limited to providing insurance for indemnity obligations.

damages once the insurance is obtained.... Section 1 of the Act permits a general contractor to obtain insurance through a subcontractor.... An agreement in a construction contract requiring a contractor to provide insurance for the general contractor protects the interests of the public and the construction workers because it ensures that there is a potential source of compensation for injuries....

*Id.,* at 672 (citations omitted). Consistent with the reasoning of the court in *W.E. O'Neil,* the court in *Chrysler Corp. v. Merrell & Garaguso, Inc.,* 796 A.2d 648 (Del. 2002), pronounced additional justification for concluding that insurance coverage is not void under an anti-indemnity statute when a subcontractor procures insurance coverage for a contractor:

> [I]f in fact an insurer issues an endorsement to cover the actions of a third party and charges a premium for that coverage, it should not be permitted to create an illusion that insurance exists. Insurance companies are sophisticated entities who can protect their own interests either in refusing to issue additional insured coverage or restricting such coverage with notice to the insured or third parties.

*Chrysler,* 796 A.2d at 653.

▮ Based upon the similarities in the Mississippi, Delaware, and Illinois anti-indemnity statutes, and the sound reasoning of the courts' decisions in *W.E. O'Neil* and *Chrysler,* the undersigned is of the opinion that the Mississippi Supreme Court would likely follow *W.E. O'Neil* and *Chrysler.* Thus, if the Mississippi Supreme Court were to address this issue, the court would distinguish agreements to procure insurance coverage from agreements to indemnify. In addition, the court would conclude that when an agreement to procure insurance coverage is a separate obligation from the indemnity obligation,

Miss.Code Ann. § 31–5–41 does not void the agreement to procure insurance coverage. The undersigned therefore concludes that agreements to procure insurance coverage, when not linked to agreements to indemnity, are not barred by Miss.Code Ann. § 31–5–41. Based upon the foregoing, the undersigned is of the opinion that Miss.Code Ann. § 31–5–41 does not void coverage under the TIC policy. Roy Anderson is named as an additional insured, and is therefore entitled to coverage in accordance with the terms of the additional insured endorsement. As the Fifth Circuit stated in *Crosby,* Miss.Code Ann. § 31–5–41 does not prohibit a contractor from arranging for its own liability insurance coverage. "It is immaterial whether the contractor obtains this insurance through an agent or broker or through a subcontractor." *Zettel v. Paschen Contractors, Inc.,* 100 Ill.App.3d 614, 56 Ill. Dec. 109, 427 N.E.2d 189, 193 (1981). "The same purpose is served—that of assuring compensation for injured workers." *Zettel,* 56 Ill.Dec. 109, 427 N.E.2d at 193. "And since the obtaining of insurance is permitted by statute, there is no reason to strike down, as against public policy, an agreement to obtain insurance." *Zettel,* at 193. Roy Anderson arranged for its own liability insurance coverage by requiring ADS to add Roy Anderson as an additional insured. Miss.Code Ann. § 31–5–41 does not apply to such agreements to procure insurance or to the insurance coverage actually procured. TIC cannot create the illusion that insurance coverage exists by adding Roy Anderson as an additional insured, then deny coverage based upon Mississippi's anti-indemnity statute. *Chrysler,* at 653. TIC could have expressly limited coverage to only liability arising out of ADS's sole negligence, but it did not do so. *See Mid–Continent Cas. Co. v. Swift Energy Co.,* 206 F.3d 487, 499 (5th Cir.2000). The undersigned therefore de-

nies the Defendants' motion for summary judgment and grants Roy Anderson's motion for summary judgment. Roy Anderson is entitled to coverage under the TIC policy as an additional insured.

### DID ADS BREACH ITS DUTY TO PROCURE INSURANCE COVERAGE FOR ROY ANDERSON?

Roy Anderson asserted an alternative claim against ADS for failure to procure insurance coverage. According to Roy Anderson, if this Court finds no coverage under the TIC policy, then ADS has breached its duty under the subcontract agreement to provide insurance coverage. Because the Court has determined that the TIC policy does provide coverage to Roy Anderson, the Court need not decide this claim. The Court notes though that the Mississippi Supreme Court has not yet addressed the issue of whether such a cause of action exists. Other courts have recognized such a cause of action, despite the existence of an anti-indemnity provision. *See, e.g., Zettel v. Paschen Contractors, Inc.,* 100 Ill.App.3d 614, 56 Ill.Dec. 109, 427 N.E.2d 189, 192 (1981); *Kinney v. G.W. Lisk Co.,* 76 N.Y.2d 215, 557 N.Y.S.2d 283, 556 N.E.2d 1090, 1092 (1990).

### CONCLUSION

After careful consideration of the parties' Motions for Summary Judgment, the pleadings, summary judgment evidence and the relevant authority, it is the opinion of the Court that the Defendants' motion must be denied in part and granted in part, and the Plaintiff's motion must be granted. The Plaintiff is entitled to a declaration that Defendant Transcontinental Insurance Company has a duty to defend the Plaintiff in the underlying litigation. In addition, MISS.CODE ANN. § 31–5–41 does not void coverage under the policy; therefore, Plaintiff is entitled to coverage as an additional insured under Policy number 2049003164 issued by Defendant Transcontinental Insurance Company to Defendant A.D.S., L.L.C. The Defendants are entitled to a declaration that neither A.D.S., L.L.C., nor Transcontinental Insurance Company has a duty to indemnify the Plaintiff because any such agreement to indemnify the Plaintiff for its own negligence is void pursuant to MISS.CODE ANN. § 31–5–41.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that for the reasons cited above, the Motion of the Defendants for Summary Judgment [53–1] should be and is hereby **GRANTED IN PART AND DENIED IN PART,** as herein provided. Neither Defendant A.D.S., L.L.C., nor Defendant Transcontinental Insurance Company has a duty to indemnify Plaintiff Roy Anderson Corporation because any such agreement to indemnify Plaintiff Roy Anderson Corporation for its own negligence is void pursuant to MISS.CODE ANN. § 31–5–41.

**IT IS FURTHER ORDERED AND ADJUDGED,** that for the reasons cited above, the Motion of the Plaintiff for Summary Judgment should be and is hereby **GRANTED.** Defendant Transcontinental Insurance Company has a duty to defend Plaintiff Roy Anderson Corporation in the underlying litigation. In addition, MISS. CODE ANN. § 31–5–41 does not void coverage under the policy; therefore, Plaintiff Roy Anderson Corporation is entitled to coverage as an additional insured under Policy number 2049003164 issued by Defendant Transcontinental Insurance Company to Defendant A.D.S., L.L.C.

**SO ORDERED AND ADJUDGED,** this the 4th day of February, 2005.